**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Reynoso and Bernardita Reynoso,<br><br>Plaintiffs,<br><br>v.<br><br>American Economy Insurance Company and Unknown Parties,<br><br>Defendants. | No. CV-24-02924-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion for Leave of Court to Withdraw and Amend Responses to Defendant's Request for Admissions. (Doc. 59.) Also before the Court is Defendant's Motion to Stay Case Management Deadlines Pending Ruling (Doc. 65After reviewing the briefing and the relevant law, the Court **grants** Plaintiffs' Motion for the reasons below and **denies** Defendant's Motion as moot.

**I.   BACKGROUND**

In May 2024, a fire damaged Plaintiffs' home. (Doc. 59 at 2.) Shortly thereafter, Plaintiff filed insurance claims with Defendant for damage to their house and personal property. (*Id.*) By July, Defendant states it paid Plaintiffs "more than $191,541.29 in dwelling benefits and another $19,984 in additional living expenses." (Doc. 64 at 3.) However, in August, Defendant denied all remaining claims and declined further additional payment, alleging Plaintiffs made "multiple fraudulent misrepresentations" regarding their personal and business property. (*Id.* at 4.) Plaintiff subsequently sued. (Doc. 1.)

A year later, in May 2025, Plaintiffs responded in part to Defendant's non-uniform

interrogatories and requests for admission and production by stating twenty-two times, "This is not relevant as Plaintiffs have withdrawn their claim for personal property reimbursement." (Doc. 64-1 at 15–24.) Importantly, Plaintiffs made this response to eleven of the twelve requests for admission. (*Id.* at 22–23.)

Two months later, at a discovery dispute hearing, Plaintiffs' counsel explained their initial motivation for admitting to withdrawing their personal property claims. He said, "we felt like since the personal property claims are very, very small"—about "$19,000 and some change"—"in comparison to the dwelling damages and the rental income damages, we withdrew those claims." (Doc. 51 at 5.) At bottom, Plaintiffs' counsel summarized that these claims were "a distraction" to the focus of "how we can put this homeowner back in his home and paid for by the insurance company." (*Id.*)

Plaintiff now moves to withdraw and amend their admissions pursuant to Federal Rule of Civil Procedure ("Rule") 36(b) in order to reintroduce their personal property claims because they state they have discovered claims for $126,000 in personal property damage. (Doc. 59 at 3.). Defendants oppose the Motion. (Doc. 64.)

## II.     LEGAL STANDARD

Due to the binding effect of admissions, Rule 36(b) provides "a potential safe harbor." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Under Rule 36(b), a matter admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The Court may only permit such backtracking "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). At bottom, such relief is discretionary. *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1185 (9th Cir. 2016). However, "[t]rial courts are advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985).

## III.    DISCUSSION

There are two requirements that must be met before an admission may be

withdrawn: "(1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). "A district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." *Conlon*, 474 F.3d at 622. The Court does so now.

### A. Presentation of the Merits

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley*, 45 F.3d at 1348. This factor is satisfied here.

Two counts remain against Defendant: (1) bad faith; and (2) breach of contract. (Doc. 1-1 at 30–35.) In these counts, Plaintiffs allege multiple times that Defendant has an obligation to fully compensate Plaintiffs for their personal property claims: "Defendants owed the Plaintiffs a fiduciary duty . . . that Defendants would fulfill its duty to cover the costs related to their dwelling, *personal property damages*" (Doc. 1-1 at 30 ¶ 58 (emphasis added)); "Defendants breached its duty to its insured, as Plaintiffs are not fully compensated for damages they are legally entitled to collect" (*Id.* ¶ 59); "Defendants are contractually obligated to Plaintiffs to pay coverage for damages to their residential and *personal property*" (*Id.* at 33 ¶ 77 (emphasis added)); "Defendants' failure to pay adequate benefits to make Plaintiffs' whole and subsequent total denial to pay their claims constitutes a breach of contract" (*Id.* at 34 ¶ 81). If Plaintiffs are correct that they discovered $126,000 in personal property claims, then the presentation of this evidence is material to proving the above counts.

Defendant does not substantively challenge this conclusion. It argues that upholding the admission does not "truly prevent any presentation on the merits" because if it did "Plaintiffs would never have intentionally withdrawn their personal property claims." (Doc. 64 at 13.) In other words, Plaintiffs' admission does not bar the parties from reaching the merits of the case because Plaintiffs made the admission. Defendant's argument chases its own tail. An admission is not innocuous to the merits of a case simply because it is an

- 3 -

admission. If the Court were to hold otherwise, it would backfill the very safe harbor Rule 36(b) intended to carve out.

Accordingly, the Court finds that the first factor is satisfied.

## B. Prejudice to Defendant

Defendant has the burden to prove that withdrawal of Plaintiffs' admission would prejudice its case because it is the party who "obtained the admission." *Hadley*, 45 F.3d at 1348. "When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the prejudice that the nonmoving party would suffer at trial." *Conlon*, 474 F.3d at 623.

Defendant argues that it is prejudiced because it did not have an opportunity to conduct discovery as to "the potential value of the items, whether the items can be repaired or replaced, whether Plaintiffs incurred expenses to replace the items, proper depreciation for each of the items, etc." (Doc. 64 at 14.) This is insufficient. In *Conlan*, the Ninth Circuit explained that it was "reluctant to conclude that a lack of discovery, without more, constitutes prejudice" because "[t]he district court could have reopened the discovery period." 474 F.3d at 624. The same is true here. Although fact discovery has closed,[1] Defendant may move to amend the scheduling order to account for this inconvenience. Moreover, the trial setting conference has been reset to June 15, 2026. (Doc. 58.) Therefore, the Court is not persuaded that Defendant is prejudiced in its ability to prove its case at trial.

Accordingly, the Court finds that the second factor is satisfied.

## C. Other Factors

Defendant spends much of its response brief essentially arguing that Plaintiffs do not have good reason for seeking withdrawal and amendment. Defendant states that Plaintiffs' decision to drop their personal property claims was a "business decision" to "avoid further disclosure and discovery of their fraudulent misrepresentations." (Doc. 64

---

[1] This is only true in part. For example, depositions of Plaintiffs are scheduled for January 16, 2026, Defendant's expert disclosures are due February 13, 2026, and expert depositions are due by May 1, 2026. (Doc. 58 at 2.)

at 11.) Defendant also attempts to impute a "unclean hands" bar on Plaintiffs' Motion, arguing Plaintiffs attempted to "avoid meritorious disclosure" by dropping their personal property claims but now "seek to avoid the consequences of their strategic gamble by pushing for a decision on the merits." (*Id.*) Finally, Defendants note Plaintiffs have had the necessary information to discovery the allegedly new property claims for eight months before filing the present Motion. (*Id.* at 12.)

Although a Court *may* consider other factors such as good cause when ruling on a motion to withdraw an admission, *see Conlon*, 474 F.3d at 625, Rule 36(b) does *not* "mandate that relief from a deemed admission may be granted only upon a showing of good cause." *Friedman*, 833 F.3d at 1185. Because the Court finds that the two mandatory Rule 36(b) factors are satisfied here, it need not reach Defendant's good cause arguments. That being said, the Court is persuaded by the material difference of the new personal property claims. Plaintiffs previously dropped their personal property claims because they felt the projected $19,000 valuation too small. (Doc. 59 at 3–4.) Additionally, Plaintiffs explain they did not discover the new projected $126,000 valuation till after an August 2025 third-party inventory of the claim-file materials. (*Id.* at 4, 6.) Given such, the Court finds that Plaintiffs demonstrate good cause for their Motion and any delay in filing.[2]

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED granting** Plaintiffs Motion for Leave of Court to Withdraw and Amend Responses to Defendant's Request for Admissions.

**IT IS FURTHER ORDERED** authorizing Defendants to engage in written discovery as to Plaintiffs reinstated personal property claims.

**IT IS FURTHER ORDERED denying** Defendant's Motion to Stay Case Management Deadlines Pending Ruling (Doc. 65) as moot given this Order.

…

…

---

[2] For the same reasons, the Court finds that Plaintiffs also satisfy the scheduling order's "extraordinary circumstances" requirement.

**IT IS FURTHER ORDERED granting** Defendant and Plaintiff's agreed upon request for a sixty-day extension of the remaining deadlines noted in this Court's October 15, 2025 Order (Doc. 58) to account for Plaintiffs reinstated personal property claims.

Dated this 14th day of January, 2026.

Honorable Susan M. Brnovich
United States District Judge